In the Matter of Long Island Lighting Company, Appellant, against William Shields, as Mayor of the Village of Old Brookville, et al., Respondents.— Order denying application of appellant, pursuant to article 78 of the Civil Practice Act, to direct respondents Mayor, trustees and clerk of the Village of Old Brookville to issue to it a permit to erect and maintain poles and lines for the transmission of electricity in highways in the village, unanimously affirmed, with $10 costs and disbursements. The parties stipulated on the argument of the appeal that the reply of the village clerk to the application of appellant shall be deemed to impose, with respect to highways, as the sole condition to issuance of a permit for the construction of the proposed transmission line, that it be placed underground. The holding in Village of Carthage v. Central N. Y. Tel. & Tel. Co. (185 N. Y. 448), relied on by appellant as establishing lack of power in the village to require the line to be placed underground, is stated in New York Tel. Co. v. Board of Education of City of Elmira (270 N. Y. 111, 118) to have been decided on an erroneous premise. The determinations in the New York Tel. Co. case (supra) and in Porter v. Municipal Gas Co. (220 N. Y. 152), reinforce the view that the power of the board of trustees to consent to such construction " in such manner and under such reasonable regulations, as they may prescribe " (Transportation Corporations Law, § 11, subd. 3) and to permit use of the highway " upon such terms and conditions as it may deem proper " (Village Law, § 89, subd. 39), includes the right to impose as a condition, and as a prerequisite to the granting of the application, that the line be

placed underground in the highways. In any event, the allegation in the answer that the stringing of a 66,000 volt line some seventy feet over and above the surface of the highway, as proposed by appellant, would create an inherently dangerous condition, presents at best, from appellant's standpoint, a triable issue of fact. Certainly it may not be held as a matter of law, in view of common knowledge on the subject, that an inherently dangerous condition would not be created. Incidentally, appellant stated on the argument of the appeal that it does not seek and does not want a trial. In addition to its regulatory power, the board of trustees, under the police power delegated to it (Village Law, § 89, subd. 59), can prohibit the erection of hazards, particularly in the light of the fact that an alternate and safe method of construction is available. Present — Lewis, P. J., Carswell, Johnston, Sneed and Wenzel, JJ. [190 Misc. 797.] [See *post*, p. 853.]